# EXHIBIT A



IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR SNOHOMISH COUNTY

| | |
|---|---|
| WILLIAM A. WIER, an individual<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

The plaintiff, WILLIAM A. WIER, by and through his attorney of record, Joseph W. Moore of MOORE & DUDLEY LAW FIRM, PLLC, alleges as follows:

### I. JURISDICTION

1.1   The above-captioned court has jurisdiction over the parties and subject matter of this lawsuit.

### II. VENUE

2.1   The above-entitled court is the proper venue for this action pursuant to RCW 4.12.025 because the defendant, PROGRESSIVE DIRECT INSURANCE COMPANY ("Progressive"), transacts business in Snohomish County, Washington.

COMPLAINT
Page 1 of 13

MOORE & DUDLEY LAW FIRM, PLLC
2920 Colby Avenue, Suite 102
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

### III. IDENTIFICATION OF PLAINTIFF

3.1   At all times material hereto, Plaintiff was a resident of Snohomish County, Washington.

### IV. IDENTIFICATION OF DEFENDANT

4.1   Defendant Progressive, is an insurance company properly licensed and doing business in the State of Washington, in the County of Snohomish.

4.2   At all times material hereto, Progressive insured Plaintiff under an automobile policy of insurance contract.

### V. FACTS

5.1   Defendant Progressive issued a policy to William A. Wier with a policy number of 906888151 (the "policy") which was in force and effect on September 7, 2015.

5.2   On September 7, 2015, William Wier was driving his 2014 Ford Focus northbound on 13th Avenue West attempting a left-hand turn into the driveway of Walmart in Lynnwood, Washington.

5.3   At that time, Jessica Choi pulled out of the Walmart driveway and collided with the driver's side of Mr. Wier's vehicle.

5.4   Both Progressive and Commerce West (Ms. Choi's insurer) found Ms. Choi to be at fault for the collision.

5.5   The force of the collision caused extensive damage to Mr. Wier's vehicle, including frame damage and triggering the airbags to deploy.

5.6   Prior to the collision, Mr. Wier's vehicle had no mechanical issues and was in like-new condition.

COMPLAINT
Page 2 of 13

MOORE & DUDLEY LAW FIRM, PLLC
2920 Colby Avenue, Suite 102
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

5.7 At the time Progressive initiated repairs of the car, Mr. Weir's vehicle had only 15,663 miles.

5.8 Mr. Wier coordinated the repair of his vehicle through Progressive directly. Progressive never informed Mr. Wier regarding the identity of the repair shop that completed the repair work.

5.9 Progressive failed to complete the repairs it deemed necessary until **51** days later, on November 5, 2015.

5.10 Following this delayed process, Progressive determined the cost of repairs were $11,536.42. Progressive's repair figure would prove to be grossly deficient.

5.11 Progressive proceeded to repair the vehicle through one of its vendors, a shop with which Mr. Wier had no interaction.

5.12 When Progressive finally returned Mr. Wier's vehicle, the vehicle was noticeably unsafe to drive and obvious damage was left unrepaired.

5.13 For example, Mr. Wier noticed his vehicle's steering pulled to the right, its check engine light was on, and its remote start feature was malfunctioning.

5.14 None of these issues with the car were present before the September 7, 2015 collision.

5.15 Mr. Wier immediately questioned why the car had not been repaired correctly.

5.16 When Mr. Wier brought these problems to the attention of Progressive's field adjuster, Jonathan Fontes, Mr. Fontes chided Mr. Wier and told Mr. Wier that cars are designed to steer to the right in order to not go toward oncoming traffic, and that none of these problems were at all related to the September 7, 2015 collision.

COMPLAINT
Page 3 of 13

Moore & Dudley Law Firm, PLLC
2920 Colby Avenue, Suite 102
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

5.17 Unsure of how to proceed, Mr. Wier took his vehicle to the dealership that sold him the car, Brien Ford, on November 10, 2015.

5.18 Brien Ford inspected Mr. Wier's vehicle and immediately discovered blatant repair deficiencies, including the following:

1. The rear seatbelt was improperly not secured to the floor, but tucked into the rear set cushion. This rendered the seatbelt essentially inoperable, and it would not restrain or offer any safety to a passenger.

2. The fuel control module was improperly not secured to the floor.

3. The rear wire harness had been improperly routed, which would have caused future electrical problems because the wiring would not have been protected allowing the wires to have the protective coating worn away shorting out systems controlled by the wire harness.

5.19 Brien Ford completed a Repair Order for its inspection and repair of the deficiencies it discovered in Mr. Wier's vehicle, the cost of which totaled $2,581.59.

5.20 The Repair Order notes, in pertinent part, the following:

TECH INSPECTED AND VERIFIED CONCERN RAN SYSTEM DIAGNOSIS RETRIEVED CODE ... FOR FUEL PUMP MODULE REMOVED REAR SEAT TO ACCESS MODULE TO FIND MODULE NOT SECURE AND CLIPS HAVE BEEN REMOVED INTERMITTENT CONTACT ISSUES WITH MODULE. **FOUND SEAT BELT BUCKLES NOT ATTACHED TO VEHICLE AND <u>NOT SAFE</u> FOUND THIS VEHICLE HAS BEEN IN ACCIDENT AND <u>REPAIRS NOT FINISHED</u>** ELECTRICAL HARNESS MAY HAVE BEEN REPLACED NOT SURE OF PREVIOUS REPAIRS. NOT WARRANTABLE REPAIRS AS VEHICLE AS BEEN IN ACCIDENT AND FAILURE TO REPAIR NOT COMPLETED

5.21 Brien Ford further determined the vehicle was unsafe to drive until it had been properly repaired.

5.22 Because of the gross repair issues discovered by Brien Ford, Mr. Wier hired a licensed Public Adjuster, Darrell M. Harber, to inspect his car.

COMPLAINT
Page 4 of 13

MOORE & DUDLEY LAW FIRM, PLLC
2920 Colby Avenue, Suite 102
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

5.23    At no point did Mr. Wier demand "appraisal" under the terms of his policy, either verbally or in writing.

5.24    On November 17, 2015, Mr. Harber inspected the vehicle at Brien Ford and discovered the additional repair deficiencies:

1. The Progressive repair invoice states "TIE-DOWN AND MEASURE" and "SUBSEQUENT PULLS," but there were no clamp marks on the rocker panel pinch welds to prove it was properly secured to measure and make "pulls."

2. The front suspension appeared setback.

3. The suspension was not aligned.

4. Damage remained to the left rocker panel.

5. Bondo was in the area of the left hinge pillar at the mounting location of the lower front door hinge. This is a potential safety concern as the hinge pillar is high steel and the pillar provides protection to the driver in a side impact. Poor paint quality.

6. Remote start malfunctioning.

7. Door gaps not consistent from the right compared to left side.

5.25    Mr. Harber directed Collision Masters to complete a new estimate of the cost to correct Progressive's repair deficiencies and return Mr. Wier's vehicle to its pre-collision condition. This estimate of additional work totaled $7,412.63.

5.26    On November 23, 2015, Mr. Harber then sent notice of Mr. Wier's additional property damage claim to Progressive and requested that Progressive re-inspect the vehicle.

5.27    However, Progressive failed to take timely action in response to Mr. Wier's claim, despite it knowing the vehicle remained un-drivable at Brien Ford and that Mr. Wier was incurring storage charges.

5.28    Twenty-three days after Mr. Harber's request, on December 16, 2015, Progressive's field adjuster, Mr. Fontes, re-inspected the vehicle at Brien Ford.

COMPLAINT
Page 5 of 13

Moore & Dudley Law Firm, PLLC
2920 Colby Avenue, Suite 102
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

5.29    At the December 16, 2015 re-inspection, Mr. Harber showed Mr. Fontes all of the repair deficiencies he discovered and provided Mr. Fontes the outstanding costs owed to Brien Ford. Mr. Fontes told Mr. Harber that he would review the matter with his supervisor and get back to Mr. Harber with 1-2 days.

5.30    On December 23, 2015, Mr. Fontes called Mr. Harber and informed him that Progressive was denying all further benefits for the additional property damage discovered by its insured, Brien Ford, and Mr. Harber. During this call, Mr. Harber requested that Mr. Fontes send him a written explanation for its denial of Mr. Wier's claim.

5.31    Progressive failed to give Mr. Wier or his representatives a written explanation regarding its denial of his claim until 14 days later, on January 6, 2016.

5.32    In its January 6, 2016 letter, Progressive wrote in defense of its denial of benefits that there was "no evidence" that the additional damage to Mr. Wier's car had been caused by the collision.

5.33    Progressive ignored that the car was in like-new condition prior to the collision at issue and has not been involved in any subsequent incident that would have damaged the vehicle.

5.34    Progressive's denial of benefits for Mr. Wier's claim further ignored the information provided by its insured, Brien Ford and Mr. Harber—and the information learned through the course of its investigation.

## VI.    BREACH OF CONTRACT

6.1    Mr. Wier re-alleges paragraphs 1.1 through 5.34 as though fully set forth herein.

COMPLAINT
Page 6 of 13

Moore & Dudley Law Firm, PLLC
2920 Colby Avenue, Suite 102
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

6.2   Defendant Progressive owed a contractual duty to its insured, Mr. Wier, under the policy of insurance in force and effect at the time of the loss to promptly investigate all claims for first-party benefits.

6.3   Defendant Progressive owed a contractual duty to its insured, Mr. Wier, under the policy of insurance in force and effect at the time of the loss to promptly pay all benefits owed under the policy.

6.4   Mr. Wier's automobile insurance policy with Progressive promised to cover repairs up to "the amount necessary to repair the damaged property to its pre-loss condition."

6.5   Despite promising these benefits when it accepted his premiums, Progressive failed to repair Mr. Wier's vehicle to its pre-loss condition after the September 7, 2015 collision.

6.6   Defendant Progressive also had a duty to its insured to act reasonably and in good faith in the investigation of Mr. Wier's insurance claim, pursuant to the terms of the insurance contract between the parties.

6.7   Defendant Progressive breached its contract of insurance by, *inter alia*, acting in Bad Faith, failing to promptly or reasonably investigate or pay Mr. Wier's claim, failing to give equal consideration to Mr. Wier in all matters including the investigation, adjustment, and coverage determination with regard to Mr. Wier's insurance claims, and unreasonably denying Mr. Wier benefits owed under the policy.

### VII.   VIOLATIONS OF THE CONSUMER PROTECTION ACT

7.1   Mr. Wier re-alleges paragraph 1.1 through 6.7 as though fully set forth herein.

COMPLAINT
Page 7 of 13

MOORE & DUDLEY LAW FIRM, PLLC
2920 Colby Avenue, Suite 102
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

7.2 Defendant Progressive's acts and omissions constitute multiple violations of the insurance regulatory provisions of the Washington Administrative Code, including, **but not limited to:**

    7.2.1 WAC 284-30-330(1) ("Misrepresenting pertinent facts or insurance policy provisions.")

    7.2.2 WAC 284-30-330(2) ("Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.") and WAC 284-30-360(3) ("For all other pertinent communications from a claimant reasonably suggesting that a response is expected, an appropriate reply must be provided **within ten working days** for individual insurance policies")

    7.2.3 WAC 284-30-330(3) ("Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.")

    7.2.4 WAC 284-30-330(4) ("Refusing to pay claims without conducting a reasonable investigation.")

    7.2.5 WAC 284-30-330(7) ("Compelling a first party claimant to initiate or submit to litigation [or] appraisal…to recover amounts due under an insurance policy…")

    7.2.6 WAC 284-30-330(13) ("Failing to…provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law …for denial of a claim.")

    7.2.7 WAC 284-30-330(14) ("Unfairly discriminating against claimants because they are represented by a public adjuster.")

    7.2.8 WAC 284-30-330(18) ("Failing to make a good faith effort to settle a claim before exercising a contract right to an appraisal.")

    7.2.9 WAC 284-30-370 ("Every insurer must complete its investigation of a claim within thirty days…")

    7.2.10 WAC 284-30-380(1) ("Within fifteen working days after receipt by the insurer of fully completed and executed proofs of loss, the insurer must notify the first party claimant whether the claim has been accepted or denied.") and WAC 284-30-380(3) ("If the insurer needs more time to determine whether a first party claim should be accepted or denied, it must notify the first party claimant within

COMPLAINT
Page 8 of 13

MOORE & DUDLEY LAW FIRM, PLLC
2920 Colby Avenue, Suite 102
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

fifteen working days after receipt of the proofs of loss giving the reason more time is needed.")

7.2.11 WAC 284-30-380(7) ("Insurers are responsible for the accuracy of evaluations to determine actual cash value.")

7.2.12 WAC 284-30-391(4) ("Failing to prepare or accept an estimate provided by the claimant that will restore the loss vehicle to its condition prior to the loss")

7.3   Defendant Progressive's violations of the Washington Administrative Code provisions, including those identified herein, constitute per se violations of RW 18.86 *et seq.*, the Consumer Protection Act.

7.4   Defendant Progressive's bad faith conduct, as alleged herein, also constitute violations of RCW 19.86, *et seq.*, the Consumer Protection Act.

7.5   These violations of the Washington Administrative Code and the unreasonable conduct described above have resulted in an unreasonable denial of benefits available to Mr. Wier and further violate the Insurance Fair Conduct Act, RCW 48.30.015.

7.6   Upon information and belief, Progressive has engaged in a pattern and practice of this kind of unfair and deceptive conduct towards its insureds in Washington State, including repeatedly misrepresenting to its insureds at the Progressive Lynwood location the extent of damage caused in motor vehicle collisions. Mr. Wier reserves the right to amend his complaint to add additional plaintiffs and/or to seek injunctive relief against Progressive for this pattern and practice of misconduct in violation of RCW 19.86 *et seq.*

## VIII.   BAD FAITH

8.1   Mr. Wier re-alleges paragraphs 1.1 through 7.6 as though fully set forth herein.

8.2   As part of its duty of good faith, Progressive was required to consider Mr. Wier's interests equally with its own, to not overemphasize its own interest in minimizing

COMPLAINT
Page 9 of 13

MOORE & DUDLEY LAW FIRM, PLLC
2920 Colby Avenue, Suite 102
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

claim payments, and to refrain from making any claim decisions based on suspicion, speculation or conjecture.

8.3   Under its duty of good faith, Progressive also had an independent obligation to honestly, fairly, and reasonably investigate all claims.

8.4   In breach of this duty, Progressive failed to conduct a meaningful or genuine investigation of this loss or the benefits owed under the policy.

8.5   Progressive has placed its own financial interests ahead of Mr. Wier on multiple occasions.

8.6   Progressive relied upon suspicion, speculation, and conjecture to deny benefits.

8.7   Progressive utilized unfair claims handling practices to reach or to support its unreasonable denial of benefits.

8.8   Progressive's conduct described herein constitute many breaches of its duty of good faith in violation of Washington statutory and decisional law.

8.9   Progressive's bad faith conduct is also in violation of the Washington Consumer Protection Act, RCW 19.86, *et seq* and the Insurance Fair Conduct Act, RCW 48.30.015.

IX.   **VIOLATIONS OF THE INSURANCE FAR CONDUCT ACT, RCW 48.30.015**

9.1   Mr. Wier re-alleges paragraphs 1.1 through 8.9 as though fully set forth herein.

9.2   Progressive's denial of benefits to Mr. Wier's claim was unreasonable, wrongful and clearly based on a one-sided investigation.

9.3   Defendant Progressive's unreasonable investigation of Mr. Wier's claim for benefits led to an unreasonable denial of payment of benefits owed under the policy in violation of RCW 48.30.015.

COMPLAINT
Page 10 of 13

MOORE & DUDLEY LAW FIRM, PLLC
2920 Colby Avenue, Suite 102
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

9.4 In light of the evidence presented to Progressive after its deficient repairs of Mr. Wier's vehicle, Progressive acted unreasonably in denying benefits necessary to repair the vehicle to its pre-loss condition and for callously placing its own financial interest over Mr. Wier's safety **not just once, but on multiple occasions.**

9.5 Defendant Progressive further unreasonably denied the benefits owed under the policy by, *inter alia,* failing to give equal consideration to Mr. Wier's interests, and failing to treat Mr. Wier fairly or honestly.

9.6 Defendant Progressive's conduct, as alleged herein, constitutes unreasonable conduct while denying payment of benefits owed to the plaintiff.

9.7 Defendant Progressive's violations of the Washington Administrative Code insurance regulations, as alleged herein, also constitute unreasonable acts while denying payment of benefits owed to the plaintiff.

9.8 Further, Progressive's violations of the Washington Administrative Code and the unreasonable conduct described in this Complaint have resulted in an unreasonable denial of benefits available to Mr. Wier in violation of the Insurance Fair Conduct Act.

9.9 On or about January 27, 2016, Mr. Wier provided written notice for the basis of his cause of action under the Insurance Fair Conduct Act to the Office of the Washington State Insurance Commissioner and the defendant Progressive, as required by RCW 48.30.015.

9.10 Defendant Progressive failed to resolve the bases for Mr. Wier's Insurance Fair Conduct Act action within twenty days after receipt of the written notice.

9.11 Indeed, instead of resolving its insured cause of action under the Insurance Fair Conduct Act, Progressive chose to continue its adversarial approach to this claim by hiring an **unlicensed** independent adjuster, Rob Marinelli to dispute the extent of damage to Mr. Wier's

COMPLAINT
Page 11 of 13

MOORE & DUDLEY LAW FIRM, PLLC
2920 Colby Avenue, Suite 102
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

car. Though he has no experience in vehicle repairs, Mr. Marinelli is consistently hired by insurance companies to testify against innocent persons, like Mr. Wier, in property damage disputes.

## X. DAMAGES

10.1 As the proximate result of the foregoing, Mr. Wier has suffered and continues to suffer losses in an amount to be proven at trial.

WHEREFORE, the Plaintiff, prays for the following relief:

A. Judgment against the defendant for breach of contact;

B. Judgment against the defendant for violation of the Consumer Protection Act, RCW 19.86 *et seq;*

C. Judgment against the defendant for Bad Faith;

D. Judgment against the defendant for violation of the Insurance Fair Conduct Act, RCW 48.30.015;

E. Judgment against the defendant for compensatory damages, including economic and non-economic damages;

F. Judgment against the defendant for attorneys fees and costs as allowed by law, including, but not limited to, RCW 19.86, *et seq.*, RCW 48.30.015, and common law Bad Faith;

G. Judgment against the defendant for exemplary and treble damages under RCW 19.86 *et seq.* and RCW 48.30,015;

H. For such other relief as the Court deems just and equitable.

COMPLAINT
Page 12 of 13

MOORE & DUDLEY LAW FIRM, PLLC
2920 Colby Avenue, Suite 102
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638

1  DATED this \_\_15th\_\_ day of April, 2016.

2                               MOORE & DUDLEY LAW FIRM

3

4                               _____
                                Joseph W. Moore, WSBA No. 44061
5                               Attorney for Plaintiff

COMPLAINT
Page 13 of 13

MOORE & DUDLEY LAW FIRM, PLLC
2920 Colby Avenue, Suite 102
Everett, WA 98201
P: (425) 998-8999 / F: (425) 903-3638